# IN THE COURT OF APPEALS OF IOWA

No. 21-1399
Filed December 15, 2021

**IN THE INTEREST OF H.G., F.G., and P.G.,**
**Minor Children,**

**K.G., Mother,**
        Appellant,

**P.G., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to three children. **AFFIRMED ON BOTH APPEALS.**

Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant Attorney General, for appellee State.

Joseph Kertels of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**TABOR, Judge.**

Just before the birth of their third child, H.G., parents Phillip and Kimberly received a reprieve.  The juvenile court granted their requests for six more months to reunify with their older children, F.G. and P.G.  But in the juvenile court's view, the parents "frittered away" that opportunity by continuing to abuse substances and by hiding that fact from social workers.  Now Phillip and Kimberly appeal the court's termination of their parental rights.  They both contest the statutory grounds for termination and contend it was not in their children's best interests.  Because the State proved that the children could not be safely returned to either parent, we affirm both terminations.

Our decision to affirm follows our de novo review of the juvenile court record.  *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021).  We give that court's fact findings "respectful consideration," but are not bound by them.  *Id.*  The findings of fact about this family are extensive—spanning twenty-nine pages and detailing two years of services.  But the essence is evident.  Both Phillip and Kimberly have severe substance-abuse issues that prevent them from safely parenting their three children—who are now one, five, and six years old.  Both parents also have struggled with their mental health.  And both parents have engaged in domestic violence.

Against that backdrop, the juvenile court terminated the parents' rights under Iowa Code section 232.116(1)(f) (for F.G. and P.G.), (h) (for H.G.), and (*l*) (2021) (for all three children).  On the statutory grounds issue, we look for clear and convincing evidence from the State.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  To satisfy that standard, the State's proof must leave us with no "serious

or substantial doubts" about the correctness of the juvenile court's conclusions of law. *Id.* When, as here, the court rests its decision on more than one paragraph under section 232.116(1), we may affirm on any supported ground. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We will address paragraphs (f) and (h), and, in particular, their common element challenged by both Phillip and Kimberly—that the children could not be safely reunited with the parents at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4).

Phillip claims the State did not prove that element because (1) he completed in-patient substance-abuse treatment, (2) he has a residence for the children, and (3) he has a history of being employed, though not a current job. None of those assertions undermine the State's case. First, Phillip's recent sobriety, while encouraging, did not erase his long history of alcohol and substance abuse. Even after the juvenile court approved a trial-home placement in November 2020, Phillip relapsed several times. For example, during an unannounced drop-in in January 2021, a social worker found him passed out with four-month-old H.G. lying beside him. Then in March, Phillip was arrested for public intoxication and criminal mischief. The next month, a social worker cancelled a visitation because Phillip was impaired by alcohol. True, Phillip successfully discharged from an in-patient treatment program in June 2021. But by the date of the July termination trial he had not started outpatient services or participated in AA meetings. Second, he did not have independent housing, instead he and Kimberly were staying with a cousin who had once asked them to move out. And third, he lacked employment and transportation. Phillip's minimal progress was too nascent to risk a return of the children.

Similarly, Kimberly argues the children could be returned to her care. She asserts that she was attending her mental-health appointments, taking prescribed medications, and had an appropriate residence for the children to live. But like Phillip, her positive steps toward stability came late in the case. As recently as January 2021, she was hospitalized for a drug overdose. In February, she and Phillip were arrested for assaulting each other. In March, a police officer found her "highly intoxicated" in a local bar. Her mental-health counselor reported that her attendance at therapy was inconsistent in early 2021. Then in May, she did successfully complete an inpatient substance-abuse treatment program. Yet we are concerned that she has not pursued outpatient services or embraced a recovery community, testifying that she can maintain sobriety on her own. Like the juvenile court, we are "not convinced she can wipe away years of use in only a couple of months." And contrary to her assertion, neither she nor Phillip had stable housing. So we find the State presented clear and convincing evidence to terminate the rights of both parents under paragraphs (f) and (h).

Turning to the best-interests challenges, we give primary consideration to the children's safety, to the best placement for furthering their long-term nurturing and growth, and to their physical, mental, and emotional condition and needs. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (discussing section 232.116(2)). Phillip makes a cryptic argument that termination is not in the children's best interests because he has a bond with them. Likewise, Kimberly contends that she shares a strong connection with the children and can provide excellent care for them "so long as her mental health and substance abuse issues are in check." Indeed, the record supports the parents' claims that they have close relationships with the

children.  But unfortunately, Kimberly's proviso is true too.  Neither the children's safety nor their long-term growth are advanced by hoping that Kimberly and Phillip can rise above their addictions and mental-health struggles to be dependable parents.  *See In re K.M.,* 653 N.W.2d 602, 606 (Iowa 2002) (noting child was bonded with parents but finding stability presented by termination was in her best interests).

We agree with the juvenile court's decision to terminate their parental rights as a first step toward a permanent placement for these three children.

**AFFIRMED ON BOTH APPEALS.**